**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ANGEL ADONIS NUNEZ PEREZ, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. 2:26-cv-02772-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of U.S. Immigration and Customs | ) | |
| Enforcement, New Orlean Field Office,[1] | ) | |
|     Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 29, 2026, pro se Petitioner Angel Adonis Nunez Perez filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2]  (ECF No. 1.)  Nunez Perez challenges his detention without "an individualized bond hearing before a neutral decisionmaker." (Id. at PageID 1.)  Nunez Perez, a citizen of Honduras, has resided in the United States continuously since 2021.  (Id. at PageID 3.)  He "has substantial ties to the United States, including family members lawfully present in this country, a consistent work history, and a fixed address." (Id.) On April 21, 2026, he was taken into ICE custody and remains detained at the West Tennessee

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, the Facility Administrator of the West Tennessee Detention Facility, David Venturella, Todd Blanche, and Markwayne Mullin are dismissed from the case.

[2] Along with the Petition, Nunez Perez filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 3.)  That motion requests relief coterminous with the relief sought in the Petition.  Therefore, in the interest of judicial economy, that motion is **DENIED AS MOOT**.

detention facility.  (Id.)  He seeks a bond hearing or immediate release.  (Id. at PageID 5.)  He served the Petition on Respondent on June 24.  (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     The Clerk of Court shall email copies of **the Petition (ECF No. 1) and this Order (ECF No. 5)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **two business days** of the filing of this Order, Respondent shall respond to the Petition in writing.  If the basis of Nunez Perez's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Nunez Perez may file a reply after Respondent's responsive filing.

(4)     Respondent shall not transfer Nunez Perez out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 1st day of July, 2026.

s/ Sheryl H. Lipman

SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2